AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Hampshire

| | | |
|---|---|---|
| United States of America<br>v.<br><br>DERALD SOLOMON<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 26-mj-227-01-AJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 10, 2026 to April 29, 2026 in the county of Merrimack in the District of New Hampshire, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(2) | Distribution of child pornography |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

/s/ Brandon Brown
*Complainant's signature*

Task Force Officer Brandon Brown, FBI
*Printed name and title*

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim P. 4.1 and affirmed under oath the content of this complaint and affidavit.

Date: 08/04/2026

Andrea K. Johnstone
*Judge's signature*

City and state: Concord, New Hampshire

Hon. Andrea K. Johnstone, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Brandon Brown, a Task Force Officer with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state as follows:

**PURPOSE OF AFFIDAVIT**

1. The following affidavit is furnished to support the issuance of a criminal complaint and arrest warrant charging:

**DERALD SOLOMON**
DOB: [redacted]/1975

with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

**BACKGROUND OF AFFIANT**

2. I am a Detective with the Nashua Police Department and have been a full-time certified police officer in the State of New Hampshire since December 2015. I am currently assigned to the Special Investigations Division as a member of the Cybercrimes Against Children Unit. Additionally, I serve as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) Child Exploitation and Human Trafficking Task Force (CEHTTF) and am a member of the New Hampshire Internet Crimes Against Children (ICAC) Task Force. My primary responsibilities include investigating criminal offenses, with a specific focus on child exploitation cases.

3. I am currently conducting an investigation involving the sexual exploitation of children and related criminal activity. I have taken part in multiple investigations involving individuals engaged in child exploitation, including pedophiles, preferential child molesters, and persons who collect and/or distribute child pornography. My experience includes investigations into the importation and distribution of materials related to the sexual exploitation of children.

4. I have received specialized training in child pornography-related crimes, internet-

facilitated crimes, child exploitation, human trafficking, and sexual assault. I have also received advanced training in peer-to-peer (P2P) file-sharing networks, including BitTorrent, as well as in undercover online investigations and the collection, preservation, and analysis of digital evidence. I have personally reviewed images and videos constituting child pornography (as defined in NH RSA 649-A:2 and in 18 U.S.C. §2256) and have assisted in numerous investigations involving digital media. I have conducted investigations and assisted in the execution of search warrants involving child exploitation and child pornography offenses.

## STATUTORY AUTHORITY

5. This matter stems from an investigation into a violations of Title 18, United States Code, Section 2252A(a)(5)(B), which prohibits a person from knowingly possessing or accessing with intent to view any material that contains an image of child pornography that has been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, and violations of Title 18, United States Code, Section 2252A(a)(2), which prohibits a person from knowingly receiving or distributing any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

6. This Affidavit is submitted in support of the issuance of a criminal complaint, under Rules 4 and 4.1 of the Federal Rules of Criminal Procedure, charging DERALD SOLOMON (DERALD) with a violation of 18 U.S.C. § 2252A(a)(2).

## INVESTIGATION BACKGROUND

7. I, and law enforcement investigators, used BitTorrent investigative software to develop this investigation. The investigative BitTorrent software identifies SHA1 hash values of

torrents being shared on the BitTorrent network that have been previously determined to contain child pornography and/or related material. The software allows me and other investigators to query BitTorrent users within designated geographic areas using commercially available Internet Protocol (IP) geolocation databases that estimate the location of publicly visible IP addresses. In this case, investigators queried the software for BitTorrent users in New Hampshire.

8. A SHA1 hash value is a digital fingerprint generated from the contents of a file. Files with the same SHA1 hash value are considered identical for investigative purposes. When the software identifies a BitTorrent client within the designated geographical area sharing a torrent associated with one of these known SHA1 hash values, it records the client's publicly visible IP address and automatically initiates a download.

9. The BitTorrent software employs a single-source download protocol, meaning the complete file is downloaded from that single user rather than downloading portions of the file from multiple BitTorrent users. This enables investigators to verify that the identified user made the complete file available for download. The investigative BitTorrent software is configured to run continuously and attempt qualifying downloads without investigator input. I verified and viewed each of the downloads and associated connection logs described in this affidavit.

## PROBABLE CAUSE

10. Between March 10, 2026, and March 31, 2026, FBI TFO Michael Sullivan and I used separate computers running investigative BitTorrent software. Collectively, our software made several different connections with a device using IP address 71.235.83.69. During each of these connections, the software identified a torrent with a SHA1 hash value of investigative interest available for download. In each instance, the torrent referenced at least one file that had been identified as being a file of investigative interest to child pornography investigations. For the purpose of this affidavit, I described three of the connections:

11. On March 10, 2026, my investigative BitTorrent software identified a torrent with a SHA1 value of investigative interest available for download from a device using IP address 71.235.83.69. This torrent referenced 20 files and contained at least one file of investigative interest to child pornography investigations. My computer running the investigative BitTorrent software made a direct connection to the device using IP address 71.235.83.69, and between 00:54 a.m. and 1:03 a.m., files that the device was making available were successfully downloaded. The investigative software identified the device using IP Address 71.235.83.69 as the sole candidate for the download, meaning that the file was downloaded directly from that device. I viewed one of the files downloaded from the device using IP Address 71.235.83.69, which I describe below:

File Name: 2010 Kait 5YO anal dildo (5yo ADLF sugar girl) pthc the best.wmv

Description: A 9-minute and thirty-second video depicting various sexual acts involving a nude prepubescent female child (determined based on lack of physical development, breast development, and pubic hair). The video starts with the child on a bed, bent over at the waist, being anally penetrated by a phallic-shaped sexual device ('dildo'). The child moves onto her back, where an erect penis is pushed into her vaginal and anal openings. The child then moves onto her knees, and the erect penis penetrates her anal opening. The video ends with the child squatting over a glass jar and urinating into it.

12. On March 24, 2026, TFO Sullivan's investigative BitTorrent software identified a torrent with a SHA1 value of investigative interest available for download from a device using IP address 71.235.83.69. This torrent referenced 26 files and contained at least one file of investigative interest to child pornography investigations. TFO Sullivan's computer running the investigative BitTorrent software made a direct connection to the device using IP address 71.235.83.69, and between 12:18 p.m. and 1:04 p.m., a download was successfully completed of at least 1 file that the device was making available. The investigative software identified the device using IP Address 71.235.83.69 as the sole candidate for the download, meaning that the

file was downloaded directly from that device. I viewed one of these files, which I describe below:

File Name: [omitted]

Description: [omitted]

13. On March 31, 2026, TFO Sullivan's investigative BitTorrent software identified a torrent with a SHA1 value of investigative interest available for download from a device using IP address 71.235.83.69. This torrent referenced 163 files and contained at least one file of investigative interest to child pornography investigations. TFO Sullivan's computer running the investigative BitTorrent software made a direct connection to the device using IP address 71.235.83.69, and between 5:12 p.m. and 10:01 p.m., a download was successfully completed of at least 1 file that the device was making available. The investigative software identified the device using IP address 71.235.83.69 as the sole candidate for the download, meaning that the file was downloaded directly from that device. I viewed one of those files, which I describe below:

File Name: [omitted]

Description: [omitted]

14. On March 30, 2026, FBI Staff Operations Specialist Jennifer Olivieri served an administrative summons to Comcast Cable Communications LLC requesting subscriber information for IP address 71.235.83.69 assigned on March 24, 2026, at 12:43 p.m. EST.

Comcast responded to the summons and provided the subscriber as Derald Solomon of Joanne Drive, Hooksett, NH 03106 (the SUBJECT PREMISES).

15. The information provided in the response to the summons also indicated that IP address 71.235.83.69 was assigned to this account between December 19, 2025, and March 14, 2026, and again between March 16, 2026, and March 30, 2026.

16. According to property assessment data for Hooksett, NH, DERALD SOLOMON and Amelia Solomon (Amelia) owned the SUBJECT PREMISES, and it was last sold in 2013.

17. According to the New Hampshire (NH) Division of Motor Vehicles (DMV), DERALD and Amelia held active NH Driver's Licenses and reside at the SUBJECT PREMISES.

18. On April 15, 2026, I conducted a scan of Wi-Fi networks openly available in front of the SUBJECT PREMISES. All the networks except for one were locked (required a password to connect). The unlocked network was “xfinitywifi,” which I knew to be an independent hotspot generated by some Comcast routers. I was unable to determine which Wi-Fi network was being broadcast by the SUBJECT PREMISES; however, the available networks suggested that the SUBJECT PREMISES was most likely using a secured (password-protected) wireless network.

19. According to the NH DMV, a black 2022 Ford Edge bearing New Hampshire registration CAHBOOM and VIN: 2FMPK4J94NBB09088 (the SUBJECT EDGE) was registered to Amelia and DERALD. The vehicle's registration address is the SUBJECT PREMISES.

20. While conducting surveillance on the SUBJECT PREMISES on April 15, 2026, and April 16, 2026, I observed the SUBJECT EDGE within the attached garage.

21. According to the NH DMV, a red 2020 Ford Explorer bearing New Hampshire registration RNFMLY and VIN: 1FMSK8FH6LGB45386 (the SUBJECT EXPLORER) is registered to DERALD. The vehicle's registration address is the SUBJECT PREMISES.

22. During surveillance on April 16, 2026, I observed a male I believed to be DERALD, based on my review of his DMV photograph and open-source photographs, operating the SUBJECT EXPLORER and parking it within the garage of the SUBJECT PREMISES.

23. During surveillance on May 14, 2026, I observed the same male, believed to be DERALD, operating the SUBJECT EDGE and parking it within the garage of the SUBJECT PREMISES.

24. On May 15, 2026, Detective Scott Tompkins, of the Derry, New Hampshire Police Department, contacted me regarding IP address 73.219.13.103.

25. Detective Tompkins informed me he had opened a local investigation into the IP address after his computer, running investigative BitTorrent software, received downloads containing child pornography from that IP address.

26. Detective Tompkins informed me he had three connections in which at least one completed file from a torrent of interest had been downloaded from IP address 73.219.13.103. The earliest start date was April 28, 2026, and the last stop date was April 29, 2026.

27. Detective Tompkins described one of the files that his software had successfully downloaded from the IP address 73.219.13.103 as part of his investigation:

| | |
|---|---|
| File Name: | (5yo Sam nice bj).avi |
| Description: | A 1-minute 56-second video that included a female child, approximately 5 years old, performing oral sex on a penis. |

28. Detective Tompkins served a search warrant to Comcast for the IP address 73.219.13.103, and learned that it was assigned to the SUBJECT PREMISES, at the time child pornography files were shared.

29. Based on my training and experience, I know that dynamic public IPv4 addresses can change periodically due to network operations, modem or router resets, lease expirations, or ISP reassignment practices. As a result, during P2P investigations, it is not uncommon for the same user or device to appear under different IP addresses at different times, even though the activity originates from the subscriber.

30. On May 16, 2026, I spoke with Hooksett Police Department Student Resource Officer (SRO) Brandon Carelton. He advised that two minor children reside at the SUBJECT PREMISES, and DERALD and Amelia are listed as the parents.

31. At the time, it appeared that Amelia and DERALD were the only two adults who resided within the SUBJECT PREMISES; however, the information was unconfirmed. This conclusion was based on a review of open-source and law-enforcement databases, as well as the absence of any other vehicles or people observed at the SUBJECT PREMISES during intermittent physical surveillance.

32. Based on the nature of BitTorrent investigations, I was unable to determine which specific occupant of the SUBJECT PREMISES was responsible for possessing and distributing the child pornography before executing search warrants. As described above, BitTorrent activity is attributed to an IP address assigned to the residence, not to any individual user or device inside the home. Until investigators entered the premises, identified the occupants, and examined the digital devices present, it was not possible to attribute the activity to any specific individual.

33. On May 20, 2026, Magistrate Judge Talesha Saint-Marc signed two search warrants authorizing the search of SUBJECT PREMISES, the SUBJECT EDGE, the SUBJECT EXPLORER, and the persons of Amelia and DERALD. 26-mj-145-01/02-TSM; 26-mj-146-01/04-TSM.

34. On May 21, 2026, the FBI executed those search warrants.

35. Amelia participated in a voluntary interview with FBI Special Agent (SA) Tyler Delorme and me. Amelia confirmed that she lived alone with DERALD and her two children. She denied having any long-term visitors and said her Wi-Fi was locked.

36. She denied having any knowledge about the possession or distribution of child pornography and denied using any peer-to-peer programs. An on-scene search of her cell phone was performed, and no evidence of child pornography was located.

37. DERALD participated in a voluntary interview with SA Delorme and me. DERALD said that he lived alone with his wife, Amelia, and his children at the SUBJECT PREMISES. He said there had been no long-term visitors and his Wi-Fi was password protected. DERALD identified the locations of his electronic devices.

38. DERALD described himself as relatively tech-savvy and said he used to build computers. DERALD said he was familiar with BitTorrent and frequently used the program “Transmission,” which he did not think was classified as a BitTorrent client. Derald was adamant that no one else in the house used peer-to-peer networks or BitTorrent.

39. DERALD said he used Transmission to download movies and pornography within a Linux VirtualBox or VMware, and frequently deleted the virtual machines. Based on my training and experience, I know that those are software that allow users to create virtual

machines. Virtual machines each function as independent computers with their own operating system and associated files.

40. I know that users may install software, including BitTorrent clients such as Transmission, within a virtual machine and conduct Internet activity without installing or using those applications directly on the host operating system.

41. Based on my training and experience, individuals who knowingly download or possess child pornography sometimes use virtual machines to isolate that activity before deleting them. When the virtual machines are deleted, it may remove their virtual hard disks, files, and user-associated artifacts, making forensic examination more difficult.

42. DERALD then participated in a Mirandized interview and voluntary polygraph examination with SA Marc Toulouse. During the interview, DERALD admitted to knowingly downloading and possessing child pornography, masturbating to it, and knowing how the BitTorrent file sharing network worked.

43. DERALD denied ever touching a child inappropriately or harming any children.

44. The New England Regional Computer Forensics Laboratory (NERCFL) performed an on-scene triage of DERALD's computer. They located virtual machines but did not locate any child pornography or the program Transmission.

45. The FBI seized several devices pursuant to the search warrant for forensic examination by the NERCFL.

46. The NERCFL processed, among other things, a Samsung external storage drive that was located in DERALD's desk connected to his computer, and generated a digital forensic case for me to review. During my review, I did not locate any child pornography, but located

browser history of websites known to contain child pornography. Some of the web addresses contained words like "12yo," "PREteen," and "Child%20porno."

47. The NERCFL also processed a storage drive located within a My Thunderbolt Duo external storage system found within DERALD's desk. They generated a digital forensic case for me to review. During my review, I located multiple files depicting child pornography, and more than 100 files containing age-difficult or child exploitative media that did not constitute child pornography.

48. For example, I found the below four of the files in a folder directory with the file path "Picture Backups\Derald's Photo Library":

**File 1:**

File Name: 42235B0E-D722-439C-A3B5-234E15B948DE.heic
Description: A nude prepubescent male (based on overall size, physical development, and lack of pubic hair) standing in front of a bathtub, manipulating his own penis with his own hands by pulling the foreskin. The penis and groin area are the focal point of the image.

**File 2:**

File Name: 9189168E-588E-4344-A721-F223C0EB5D2C.heic
Description: A photograph of an LG monitor displaying four different tabs. The tab titled "23331_vmbhm25d" is displaying a prepubescent female (based on overall size, physical development, and lack of pubic hair) standing with her green tank top up above her undeveloped breasts, exposing them. Her hand is on her stomach, and her pants and underwear are pulled down around her knees, exposing her groin and vaginal area. The child is the focal point of the photograph.

**File 3:**

File Name: IMG_9989.JPG
Description: A black and white photograph of a nude pubescent (developing breasts and lack of pubic hair) female sitting in a bathtub of water and leaning back against the wall. The female's breasts and upper part of her labia are exposed.

**File 4:**

File Name: 60F7FFAB-F154-419E-812F-593F12631D97.heic
Description: A photograph of what appears to be a monitor displaying a nude prepubescent male (based on overall size, physical development, and lack of pubic hair) standing next to a nude pubescent female (developing breasts and lack of pubic hair). The groin and vaginal area of both females are exposed.

## CONCLUSION

49. I submit that the facts contained in this Affidavit establish probable cause to believe that DERALD SOLOMON has unlawfully distributed child pornography in violation of 18 U.S.C. § 2252A(a)(2). Therefore, I respectfully request that a criminal complaint be issued, under Rules 4 and 4.1 of the Federal Rules of Criminal Procedure, to charge and support the arrest of DERALD SOLOMON with a violation of 18 U.S.C. § 2252A(a)(2).

Signed under the pains and penalties of perjury this 4th day of August 2026.

/s/ Brandon Brown
Brandon Brown, Task Force Officer
Federal Bureau of Investigation

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: August 4, 2026

Time: 5:04 PM, Aug 4, 2026

HON. ANDREA K. JOHNSTONE
UNITED STATES MAGISTRATE JUDGE